*Ordered accordingly.*

---

### ALICE T. CORRIGAN *vs.* SCHOOL COMMITTEE OF NEW BEDFORD.

Bristol.    October 27, 1924. — November 25, 1924.

Present: RUGG, C.J., BRALEY, PIERCE, & SANDERSON, JJ.

*School and School Committee,* Dismissal of teacher.    *Mandamus.*

If a school committee of a city, after having transmitted a notice to a woman, who for twelve years had been a principal of a school of the city, of their intention to vote on the question of her dismissal, received

a request from her for a statement "of its reasons for which her dismissal as principal is proposed" and in response thereto assigned and stated the reasons to be, "The committee's dissatisfaction with her work and the belief that she has not demonstrated constructive leadership and necessary administrative capability," they have complied with G. L. c. 71, § 42, as amended by St. 1921, c. 293, as to a statement of reasons, and cannot be required to give further specifications in response to the request.

PETITION, filed in the Supreme Judicial Court for the county of Bristol on October 18, 1923, seeking a writ of mandamus to compel the respondents, who were the school committee of the city of New Bedford, to furnish the petitioner full and complete specifications to the reasons assigned by them for their contemplated action in proceeding to vote upon her dismissal as principal.

The petition was heard by *Crosby*, J. Material facts are described in the opinion. The single justice ruled, subject to exceptions by the petitioner, that the petitioner was not entitled to the specifications set out in the petition, and denied the petition. The petitioner alleged exceptions.

The case was submitted on briefs.

*J. P. Doran*, for the petitioner.

*B. B. Barney*, for the respondents.

SANDERSON, J. This is a petition by the principal of a public school, in the city of New Bedford, for a writ of mandamus to compel the respondents, who are the school committee of that city, to furnish her full and complete specifications of the reasons assigned by them for their contemplated action in proceeding to vote upon her dismissal as principal. She had been principal of the school in question for about twelve years before the filing of this petition. On June 29, 1923, the school committee voted: " That at a meeting of the school committee to be held October 19, 1923, a vote shall be taken on the question of the dismissal of Alice T. Corrigan, principal of the Betsey B. Winslow School, and that notice be sent forthwith to her of this intention by the committee." The petitioner then requested of the committee a statement "of its reasons for which her dismissal as principal is proposed." At a meeting of the committee held September 14, 1923, they assigned and stated the

reasons to be: "The committee's dissatisfaction with her work and the belief that she has not demonstrated constructive leadership and necessary administrative capability." On September 28, 1923, the petitioner asked for the following specifications to their reasons assigned for dismissal:

" 1st: Specify the manner in which and under what circumstances my work has been unsatisfactory to your committee.

(a) Whether acts or omissions.

(b) When, how, where, and in what connection has my work as principal of the Betsey B. Winslow School been unsatisfactory to your committee.

" 2nd: Specify the manner in which and under what circumstances I have demonstrated lack of constructive leadership.

(a) Give incidents with names of person or persons, if any, connected therewith.

(b) Give dates and records of any adverse criticism by department heads concerning my constructive leadership.

" 4th: Give dates, when, and circumstances under which I failed to demonstrate necessary administrative capability.

(a) Give incidents with names of person or persons, if any, connected therewith.

(b) Give dates and records of any adverse criticism by department heads concerning my failure to demonstrate necessary administrative capability."

At a special meeting held October 5, 1923, the school committee, after consulting the city solicitor, denied the request for specifications of the reasons assigned, and gave the petitioner notice of their decision accompanied by a copy of the opinion of the city solicitor. On October 10, 1923, the petitioner, without waiving her right to specifications, requested that a date be set for a hearing as soon as possible "after the respondents had reconsidered their former action denying " the requested specifications. The respondents, without reconsidering their denial of the petitioner's request for specifications, assigned October ·19, 1923, at three o'clock, as the time for a hearing. This petition was filed October 18, 1923, and an order to show cause and a

temporary restraining order were then issued. " Upon hearing, the court ruled, subject to the petitioner's exception, that the petitioner was not entitled to the specifications set forth in the petition, and denied the petition for mandamus and dissolved the injunction heretofore issued, to which ruling and order for judgment denying the petition, the petitioner duly excepted."

It does not clearly appear from the record whether the order denying the petition for mandamus was based upon the ruling of law made in the case or whether it was made in the exercise of the court's discretion as the result of the hearing. The exception was taken to the ruling that the petitioner was not entitled to the specifications set forth in her petition. These are identical with those contained in the petitioner's request to the respondents hereinbefore quoted. The case will be considered upon the assumption that it presents the single question, whether as matter of law the petitioner was entitled to the specifications for which she asked, before the committee could act on the matter of her discharge as a teacher.

G. L. c. 71, § 41, provides that " Every school committee . . . in electing a teacher . . . who has served in its public schools for the three previous consecutive school years . . . shall employ him to serve at its discretion." Section 42 of the same chapter, as amended by St. 1921, c. 293, provides that " The school committee may dismiss any teacher, but in every town . . . no teacher . . . shall be dismissed unless by a two thirds vote of the whole committee. In every such town a teacher . . . employed at discretion under the preceding section shall not be dismissed unless at least thirty days prior to the meeting, exclusive of customary vacation periods, at which the vote is to be taken, he shall have been notified of such intended vote, nor unless, if he so requests, he shall have been given a statement by the committee of the reasons for which his dismissal is proposed; nor unless, if he so requests, he has been given a hearing before the school committee, at which he may be accompanied by a witness; nor unless . . . the superintendent shall have given the committee his recommendations thereon." The

language used in these sections as to the tenure of office and discharge of teachers is materially different from that used in the statutes relating to the removal of a person holding office or employment under the classified public service of the Commonwealth, or of any county, city or town thereof which provide in substance that such person shall not be removed except for just cause and for reasons specifically given him in writing; and if he shall so request that he shall be given a public hearing and shall be allowed to answer charges preferred against him, either personally or by counsel.    G. L. c. 31, § 43.    Substantially the same provisions apply in the case of the removal of a police officer.    G. L. c. 31, § 44.    In both of these cases there may be a review by a district court. G. L. c. 31, § 45.    It has been held that when provisions like these require " a formulation of specific charges as grounds for removal, notice of those charges to the person to be removed, opportunity to him for a hearing, followed by a hearing and decision, then the hearing and decision partake . . . of the ' nature of a judicial investigation.' " *Stiles* v. *Municipal Council of Lowell,* 233 Mass. 174, 181. *McCarthy* v. *Emerson,* 202 Mass. 352, 354.    Where the power is given to remove " for cause," removal is not authorized without notice and hearing even though the statute does not so provide in terms.    Where, however, a public officer is appointed during pleasure, or where the power of removal is discretionary, the power may be exercised without notice or hearing.    In *O'Dowd* v. *Boston,* 149 Mass. 443, it was held that such discretionary power existed under statute authorizing a board of directors to remove subordinates " for such cause as they may deem sufficient and shall assign in their order for removal."    *Bailen* v. *Assessors of Chelsea,* 241 Mass. 411, 414.    The term removal " for cause " means removal " for cause sufficient in law.    That can only be determined after an opportunity to be heard and a finding so that the sufficiency of the cause may be determined in court.    But removal when the best interests of the town in the judgment of the selectmen require it, places the decision as to the sufficiency of the cause (provided it is not irrational or whimsical, . . . ) on the conscience

and sound judgment of the board rather than upon the law." *Lacy* v. *Selectmen of Winchendon*, 240 Mass. 118, 121. *Dittemore* v. *Dickey*, 249 Mass. 95, 109, 110.

Teachers are employed in the discretion of the school committee and discretion in itself must imply freedom to act according to one's own judgment. The only limitation on that freedom material to this case is that the committee shall upon request of the teacher give a statement of the reasons for which the dismissal is proposed. These reasons were given and are a sufficient ground for removal. *Duffey* v. *School Committee of Hopkinton*, 236 Mass. 5. The right of the school committee to engage a teacher at their discretion would be largely abrogated if the construction of the statute contended for by the petitioner were adopted. The right of the petitioner to be present at a hearing with one witness is an important right, but it does not by implication require specifications, and a hearing and decision in the nature of a judicial investigation.

*Exceptions overruled.*