MERCHANTS MUTUAL CASUALTY COMPANY *vs.* JUSTICES OF THE SUPERIOR COURT.

Suffolk. October 2, 1934. — June 24, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & DONAHUE, JJ.

*Certiorari. Insurance,* Motor vehicle liability. *Notice.*

This court has jurisdiction by certiorari to review a decision by the Superior Court upon an appeal under G. L. (Ter. Ed.) c. 175, § 113D.

Under G. L. (Ter. Ed.) c. 175, § 113D, the holder of a policy of compulsory motor vehicle liability insurance might complain to the commissioner of insurance within ten days after the assured's actual receipt of a notice of cancellation of the policy, without regard to the date of its delivery at his address.

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Suffolk on May 9, 1933.

The petition was heard by *Field,* J., who ordered it dismissed. The petitioner alleged an exception. Material facts are stated in the opinion.

*W. G. Clark,* for the petitioner.

*C. F. Lovejoy,* Assistant Attorney General, for the respondents,

RUGG, C.J.  This is a petition for a writ of certiorari. It comes before us on exceptions by the petitioner to the order entered by the single justice that the petition be "dismissed but not as matter of discretion." No question is raised as to form or procedure. The design of the petition is to quash proceedings in the Superior Court on an appeal from an order of the board of appeal on motor vehicle liability policies. It is provided by G. L. (Ter. Ed.) c. 175, § 113D, that the Superior Court on appeal from such an order shall have jurisdiction in equity upon a summary hearing "to review all questions of fact and law, and to affirm or reverse such finding or order and may make any appropriate decree," and that the decision of that court shall be final. The appeal was dismissed in the Superior Court. This court has jurisdiction in certiorari concerning such a decision. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 544–545.

The facts as found by the judge of the Superior Court are these: The petitioner issued a policy of motor vehicle insurance in approved form to Emma Rockel for the year 1933. In her application for insurance and in the declaration in the policy issued, her address was stated to be "112 East Street, Clinton." In fact her address was "112 Beech Street, Clinton." The policy provided that notice of cancellation sent by registered mail to, or delivered at, the address of the assured as given in the declaration shall be a sufficient notice. On February 17, 1933, the petitioner as insurer issued and forwarded by registered mail addressed to the assured at 112 East Street a written notice of cancellation of the policy to become effective on March 9, 1933. That letter was delivered on February 18, 1933, in the ordinary course of mail to the true address of the assured at 112 Beech Street. On February 18, 1933, the assured was temporarily absent from her home. No notice was given by her of any change of mailing address; no facilities for the delivery of mail were available at the place of her temporary residence and no prearranged plan had been formulated by the assured or her daughter, who also resided at 112 Beech Street, for the delivery of any mail,

but it was customary for her to call once or twice a week and receive any mail which had been delivered to 112 Beech Street. The letter was delivered at the real address of the assured on the same day on which it would have been delivered if there had been no mistake in her address. She was in no way prejudiced by the sending of the notice to the mistaken address. The date of the filing of a written complaint by the assured with the commissioner of insurance was March 3, 1933; that was within ten days after receiving written notice purporting to cancel her policy. Since the general finding by the trial judge imports a finding of all subsidiary facts essential to that conclusion, it must be presumed that no one was authorized to receive the letter in the absence of the assured. The facts found by the trial judge must be accepted as true because they are made a part of the return. *Byfield* v. *Newton*, 247 Mass. 46, 53.

The board of appeal on motor vehicle liability, after hearing upon the complaint of the assured, ordered the cancellation of her policy annulled. The decree in the Superior Court on appeal was to the effect that the cancellation of the policy of the assured by the petitioner was not proper and reasonable and that the proceeding be dismissed.

The decision of the case turns upon the meaning of these words in G. L. (Ter. Ed.) c. 175, § 113D: "Any person aggrieved by the issue by any company of a notice purporting to cancel a motor vehicle liability policy . . . may, within ten days after receiving written notice purporting to cancel such policy . . . file a written complaint with the commissioner." The time within which an assured must act is thus fixed as beginning "after receiving written notice." These statutory words control any provision in the policy as to the giving of the notice. These statutory words are to be read in connection with the provision of G. L. (Ter. Ed.) c. 175, § 113A, to the effect that "no cancellation of the policy . . . by the company . . . shall be valid unless written notice thereof is given" to the assured. A statutory mandate that a written notice be given by one party to the contract of insurance and that such written

notice be received by the other party imports actual notice. The words mean at least knowledge by the assured that written notice of the specified tenor has reached the place where the assured rightly may be presumed to be. *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 502.

This principle is a part of the compulsory motor vehicle insurance law. The Commonwealth thus has established a public policy that all motor vehicles (with exceptions not here material, G. L. (Ter. Ed.) c. 90, § 1A) must be insured before being registered. The common interest involved is protection designed to be afforded for the promotion of the human welfare and general safety of persons on public ways. The terms of the statute must be interpreted in the light of this dominant legislative purpose. *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 536. Continued insurance is essential to registration of a motor vehicle. The presence upon the highways of an unregistered motor vehicle is unlawful and may involve its owner in serious consequences. Notice of cancellation of insurance under these circumstances is so important to the assured that the natural meaning of the statutory words should be given full force. The sending of the notice as already recited did not convey knowledge of the cancellation of the insurance to the assured in the circumstances here revealed. The conduct of the assured as disclosed on the record does not show bad faith or an attempt to evade receipt of notice on the part of the assured. This construction of the governing statutory words is somewhat confirmed by the amendment to § 113A of G. L. (Ter. Ed.) c. 175, by St. 1933, c. 119, § 1, specifying explicitly the manner in which notice of cancellation shall be given by the insurer so that future controversies of this nature may be avoided. No error of law appears on the record of these proceedings as set forth in the return.

*Exceptions overruled.*