LUCILLE DIXON *vs.* SCHOOL COMMITTEE OF FRAMINGHAM. July 18, 1977. Although it is clear to us that the extensive findings made by the Superior Court judge support neither his conclusion that the school committee was prejudiced in violation of art. 29 of the Massachusetts Declaration of Rights nor his judgment ordering that the plaintiff be reinstated with back pay, it is equally clear that no appeal lies from that judgment. *MacKenzie* v. *School Comm. of Ipswich,* 342 Mass. 612, 613-614 (1961), squarely decided the point and has not been overruled. The sentence of G. L. c. 71, § 43A, upon which the *MacKenzie* case was based has not been repealed or amended. The point has not been argued by counsel, but we are constrained to notice it because it seems jurisdictional in the fundamental sense. *Jones* v. *Demoulas Super Mkts., Inc.* 364 Mass. 726, 730, fn.6 (1974). Following the *MacKenzie* case, we hold that the school committee's sole remedy is to commence a civil action in the nature of certiorari (G. L. c. 249, § 4) in the Supreme Judicial Court, an action which this court, having no original jurisdiction (G. L. c. 211A, § 10), could not entertain except by way of transfer under G. L. c. 211, § 4A, or G. L. c. 211A, § 12, or by way of report under G. L. c. 231, § 112, and Mass.R.Civ.P. 64, 365 Mass. 831 (1974). Compare *Commissioners of Civil Serv.* v. *Third Dist. Court of E. Middlesex,* 2 Mass. App. Ct. 89 (1974).

*Appeal dismissed.*

*Joseph P. J. Vrabel* for the defendant.
*Charles M. Healey, III* (*Sandra C. Quinn* with him) for the plaintiff.