ROBERT A. GLENNON vs. SCHOOL COMMITTEE OF BOSTON.

Suffolk. February 15, 1978. — July 12, 1978.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & ABRAMS, JJ.

*School and School Committee. Statute,* Construction. *Words,* "Demotion."

The provisions of St. 1975, c. 199, amending G. L. c. 71, § 42A, did not restrict the meaning of "demotion" in § 42A but supplemented it so as to extend the procedural protections of § 42A to the two specific situations inserted by the amendment. [761-765]

The reassignment of an acting principal, who had served in that capacity for four consecutive school years, to a position of teacher was a demotion within the meaning of G. L. c. 71, § 42A, entitling him to the procedural protections prescribed by that statute. [765-767]

CIVIL ACTION commenced in the Superior Court on July 29, 1976.

The case was heard by *Morse,* J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*John F. McMahon* for the plaintiff.

*Jay F. Jason,* Assistant Corporation Counsel (*Kevin Moloney,* Assistant Corporation Counsel, with him) for the defendant.

*Richard W. Coleman & Paul F. Kelly* for Boston Association of School Administrators and Supervisors, amicus curiae, submitted a brief.

QUIRICO, J. This is an appeal from an order of summary judgment and a judgment of dismissal entered against the plaintiff Robert A. Glennon (Glennon) by a judge of the Superior Court. Mass. R. Civ. P. 56, 365 Mass. 824 (1974). Glennon contends that he was "demoted" from his position as acting principal at the Robert Gould Shaw Middle School

(R. G. Shaw School) in Boston to a teaching position at another Boston school for a lesser salary in violation of the provisions of G. L. c. 71, § 42A. He seeks a declaration, pursuant to G. L. c. 231A, as to his status as principal and his salary rights. The defendant School Committee of Boston (school committee) claims that Glennon's transfer from the position of principal to teacher did not constitute a "demotion" within the meaning of G. L. c. 71, § 42A.

For the reasons stated below, we conclude that Glennon was "demoted" from his position as principal to that of a teacher in violation of the notice and hearing provisions of G. L. c. 71, § 42A. Consequently, we vacate the order of summary judgment and the judgment of dismissal entered against him, remand the case to the Superior Court, and order summary judgment to enter reinstating Glennon to the principal's position and reimbursing him for lost compensation accruing since his demotion.

The uncontested factual background of the case is as follows. In September, 1972, Glennon, who had been employed by the school committee since 1963, was designated and approved by the committee as an acting principal at the R. G. Shaw School in Boston. He served in that capacity for the four consecutive school years of 1972-1973, 1973-1974, 1974-1975, and 1975-1976, performing all duties of a public junior high or middle school principal in the Boston school system. In each of the four consecutive school years the school committee renewed his designation and assignment as acting principal. During the first three years, Glennon was paid a per diem amount above his base salary to perform the duties of principal. In the 1975-1976 school year, his salary was increased to the standard amount paid to principals in the Boston public schools. Apparently, Glennon's service during the four years in the acting principal's position was always satisfactory.

On March 16, 1976, the superintendent of the Boston public schools issued a circular announcing that promotional ratings were to be established for certain enumerated administrative positions including that of *"PRINCIPAL,*

*MIDDLE SCHOOL* . . . R. G. Shaw . . . ." The circular indicated that the promotional ratings were to be established in response to an order of the United States District Court, District of Massachusetts, ordering the desegregation of the administrative staff of the Boston school system.[1] Pursuant to the procedures outlined in the circular, Glennon applied for the principal's position at the R. G. Shaw School. His application stated in part: "As Principal of the Robert Gould Shaw Middle School, I wish to apply for the Promotional Rating which is to be established for that position. Since I have held this position for the past four years, it is my desire to continue as administrator of the Robert Gould Shaw Middle School." Glennon, however, was not recommended as a finalist for the principal's position.

On becoming aware that he would not be assigned as principal to the R. G. Shaw School, Glennon made several telephone calls during the summer of 1976 to the associate superintendent of schools in charge of personnel inquiring as to what his September, 1976, school assignment would be. Glennon was repeatedly informed that the associate superintendent could not yet make such a determination.

On July 29, 1976, Glennon filed a complaint in the Superior Court seeking a declaratory judgment as to his status and entitlements under G. L. c. 71, § 42A. He claimed that he had the status of a "principal, supervisor" under G. L. c. 71, § 42A, and that his differential salary could not be discontinued except in compliance with the statutory section. On September 2, 1976, Glennon was informed by the associate superintendent that, for the upcoming 1976-1977 school year, he was being assigned as a teacher to a Boston high school, and that he was to be paid a teacher's unit salary which was substantially less than his salary in the prior 1975-1976 school year. On September 9, 1976, the school committee filed its answer to Glennon's complaint. Although the school committee admitted many of Glennon's

---

[1] Reference to this order appears in *Bradley* v. *School Comm. of Boston*, 373 Mass. 53, 55 n.3.

allegations, it raised the following defenses: (1) that Glennon failed to state a claim on which relief could be granted, (2) that the committee had acted in strict compliance with G. L. c. 71, § 42A, and (3) that Glennon had waived any rights he may have had under G. L. c. 71, § 42A, by consenting to the rating of the position of principal of the R. G. Shaw School. Thereafter, Glennon received a notice from the school committee, dated September 27, 1976, informing him that at a meeting of the committee on September 1, 1976, he was transferred to the position of a "teacher, secondary teacher in the West Roxbury High School," effective September 1, 1976.

Subsequently, both parties filed motions for summary judgment, which were supported by affidavits and exhibits. A hearing on the motions was held by a special master who, on May 20, 1977, found that there was "no genuine material factual issue in dispute" and he ruled in favor of the school committee. The special master reasoned that, because G. L. c. 71, § 42A, defines a demotion as "a reduction of salary 'contrary to the provisions of [G. L. c. 71] § 43,'" and that "§ 43 excepts Boston from the prohibition of the statute," Glennon was not demoted within the meaning of G. L. c. 71, § 42A.

Pursuant to the special master's recommendation, a Superior Court judge allowed the school committee's motion for summary judgment, denied Glennon's motion, and dismissed the complaint with prejudice. Glennon appealed therefrom to the Appeals Court, and we ordered direct appellate review.

General Laws c. 71, § 42A, as appearing in St. 1975, c. 199, establishes the grounds on which a school committee may demote a principal or similar administrative employee who has a certain number of years' service in an administrative position. The statute provides in part: "No principal, supervisor, assistant principal, or professional employee performing the duties of a principal, supervisor, assistant principal, by whatever title his position may be known, who has served in that position for over three years shall

without his consent be demoted except for inefficiency, incapacity, unbecoming conduct, insubordination or other good cause . . . ." The statute also establishes procedural safeguards. A demotion may not take place unless the school committee at least thirty days prior to taking its vote notifies the person of its intention to demote him. If a person so requests, he is to be furnished a written statement of the reasons for his proposed demotion and is to be given a hearing at which he may be represented by counsel, present evidence, and call and examine witnesses. A person may not be demoted unless the charges against him have been substantiated and the school committee has received the superintendent of schools' recommendation as to the proposed demotion.

The concluding paragraphs of G. L. c. 71, § 42A, added by the 1975 amendment, provide that "[f]or the purpose of this section, a person shall be deemed to have been demoted if his salary has been reduced contrary to the provisions of section forty-three of this chapter or if he has been transferred without his consent to a position wherein he no longer serves at discretion.

"Any person who has been demoted by vote of a school committee under the provisions of this section may within thirty days after the vote of dismissal or demotion appeal therefrom to the superior court in the county in which he was employed."

General Laws c. 71, § 43, as amended through St. 1972, c. 464, § 4, provides in pertinent part that "[t]he salary of no teacher employed in any town except Boston to serve at discretion shall be reduced without his consent except by a general salary revision affecting equally all teachers of the same salary grade in the town."

It is uncontested that Glennon served continuously as a "principal" at the R. G. Shaw School for "over three years" within the meaning of G. L. c. 71, § 42A. It is also undisputed that no notice was given to Glennon of an intention to "demote" him, nor were written charges furnished or a hearing conducted prior to his reassignment to the teacher's

position. The disputed issue, however, is whether the school committee's reassignment of Glennon from the position of principal to the position of teacher constituted a "demotion" under G. L. c. 71, § 42A, so as to trigger the statute's procedural protections.[2]

In support of the special master's conclusion that the reassignment was not a demotion within the meaning of G. L. c. 71, § 42A, the school committee argues that the 1975 amendment to the statute set out an exclusive definition of demotion which included only two types of action, neither of which extended to the reassignment in the present case. The school committee contends that, inasmuch as the 1975 amendment to G. L. c. 71, § 42A, provided that "[f]or the purpose of [the] section, a person shall be deemed to have been demoted if his salary has been reduced contrary to . . . [G. L. c. 71, § 43] or if he has been transferred without his consent to a position wherein he no longer serves at discretion," Glennon could not be considered demoted thereunder because (1) G. L. c. 71, § 43, excepted Boston from its salary reduction restrictions, and (2) Glennon was not transferred to a position wherein he no longer served at discretion or with tenure.

Glennon claims, however, that a demotion under G. L. c. 71, § 42A, historically has been recognized as a reduction in the level of an administrative employee's duty or authority. The passage of St. 1975, c. 199, according to Glennon, did not displace that standard or provide a restrictive definition, but rather expanded the traditional and plain meaning of the word to include two specific situations which previously might not have been considered demotions.[3] As such, Glennon argues that his reassignment from the principal's position to the lower position of a teacher was a demotion under G. L. c. 71, § 42A. We agree with this contention.

---

[2] On appeal, the school committee does not argue that Glennon waived his rights under G. L. c. 71, § 42A, by consenting to or participating in the rating of the principal's position.

[3] The amicus Boston Association of School Administrators and Supervisors joins Glennon in this argument.

We do not think that G. L. c. 71, § 42A, either in its present or pre-1975 posture, provides an exclusive definition of the term "demotion." "When a statute does not define its words we give them their usual and accepted meanings, as long as these meanings are consistent with the statutory purpose. . . . We derive the words' usual and accepted meanings from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions" (citations omitted). *Commonwealth* v. *Zone Book, Inc.*, 372 Mass. 366, 369 (1977). See *Commonwealth* v. *Gove*, 366 Mass. 351, 354 (1974); *Franki Foundation Co.* v. *State Tax Comm'n*, 361 Mass. 614, 617 (1972).

The dictionary definition of the word "demote" is "to reduce to a lower grade or rank . . .: relegate to a subordinate or less important position." Webster's Third New Int'l Dictionary at 601 (1961). Although the term "demotion" has not been specifically defined in cases decided in the Commonwealth, reference has been made to its plain or dictionary meaning in many court decisions. In *McCartin* v. *School Comm. of Lowell*, 322 Mass. 624 (1948), a case which arose prior to the enactment of G. L. c. 71, § 42A, this court clearly implied that the transfer of a principal to a teaching position was a demotion. In distinguishing the transfer of a superintendent to a teaching position from the transfer of a principal to such a position (the former action constituting a "dismissal" pursuant to G. L. c. 71, § 42), we stated: "The case of [the principal] is different. . . . When demoted to a lower teaching position he still remained a teacher . . . ." *McCartin* v. *School Comm. of Lowell, supra* at 627-628. See *Black* v. *School Comm. of Malden*, 365 Mass. 197, 204 (1974), and *Kaplan* v. *School Comm. of Melrose*, 363 Mass. 332, 337 (1973), wherein we specifically referred to the *McCartin* decision as involving the demotion of a principal to a teacher's position. In *Demers* v. *School Comm. of Worcester*, 329 Mass. 370, 371 (1952), although this court made reference to the demotion claimed by a former director of industrial arts who was transferred to a teacher's position, the question was not reached because the

director had not served in that position for over three years. In *Kelley* v. *School Comm. of Watertown*, 330 Mass. 150 (1953), this court held that a "submaster" of a school who was reassigned to a teacher's position was not "dismissed" pursuant to G. L. c. 71, § 42, stating: "But he was not dismissed as a teacher at all. He was merely moved or demoted to a different position." *Id.* at 152. In that case, however, the reassignment did not come within the purview of G. L. c. 71, § 42A, because the submaster had not had three years of consecutive service in that position. In *Jantzen* v. *School Comm. of Chelmsford*, 332 Mass. 175 (1955), we assumed but did not decide that a transfer from a principalship to a teaching position was a demotion. We held, however, that even if the transferred principal had had a technical right to notice and a hearing under G. L. c. 71, § 42A, it would have been futile to employ such procedural protections in the circumstances of that case. In *Dimlich* v. *School Comm. of Andover*, 344 Mass. 643, 646 (1962), we again impliedly considered the transfer of a principal to a teaching position to be a demotion but held that the length of service of the plaintiff principal was insufficient to come under G. L. c. 71, § 42A. See also *Clark* v. *Mt. Greylock Regional School Dist.*, 3 Mass. App. Ct. 549, 551 (1975), and *School Comm. of Cambridge* v. *LaChance*, 3 Mass. App. Ct. 710 (1975), where the Appeals Court assumed but did not decide that the transfer of a principal to a teacher's position was a demotion pursuant to G. L. c. 71, § 42A.

Contrary to the argument of the school committee and the conclusion of the special master, we do not think that the 1975 amendment to G. L. c. 71, § 42A, signified a legislative intent to change the effect of the cases cited above by inserting a restrictive definition of the term "demotion." Rather, we think the language of St. 1975, c. 199, which reads that "[f]or the purpose of [the] section, a person shall be deemed to have been demoted if his salary has been reduced contrary to [G. L. c. 71, § 43] or if he has been transferred without his consent to a position wherein he no

meaning of the term "demotion" so as to extend the procedural protections of G. L. c. 71, § 42A, to the two specific situations inserted by the amendment. We do not think the phrase "a person shall be deemed to have been demoted if" was used as a prelude to an exclusive definition of "demotion," but rather we think it was employed to indicate that the legislatively described acts which followed were "equivalent to" a demotion.

We cannot glean any information from the scant legislative history of St. 1975, c. 199, that would lead us to other than the above construction. To interpret the amendment otherwise would mean ascribing to the Legislature an intention to depart from a relatively long history of cases which assume that substantial changes in the duties of school administrative personnel — i.e., transfers from the position of a principal to that of a teacher — are to be accompanied by the procedural safeguards of G. L. c. 71, § 42A. The amendment does not reflect such a legislative intent. Indeed, the whole scheme of legislation in recent years concerning the job security of professional employees in the public education area has been geared toward the expansion of procedural protections rather than to their limitation.[4] We do not construe St. 1975, c. 199, as reversing such expansionist trend or as diminishing the protections available to administrative personnel who, previously charged with substantial authority in the area of school management, are relegated to lesser academic positions, even though (a) their salaries may not be reduced contrary to G. L. c. 71, § 43, or (b) they still serve at discretion in their new position.

Furthermore, we disagree with the school committee's implied contention that the construction which we give to St. 1975, c. 199, somehow interferes with the committee's power to redeploy academic personnel in accordance with its perceptions of the needs and for the good of the school system. We recognize, of course, that "the power to appoint

---

[4] See G. L. c. 71, §§ 41, 42, 42A, 42D, and 43, as enacted and amended.

a principal comes within the area of the school committee's nondelegable, managerial prerogative over educational policy," *Berkshire Hills Regional School Dist. Comm.* v. *Berkshire Hills Educ. Ass'n, ante* 522, 526 (1978), and also that "school committees have the plenary power to change the duties or rank of a teacher entrusted with special duties of management or direction," quoting from *School Comm. of W. Springfield* v. *Korbut*, 373 Mass. 788, 795 (1977). *Berkshire Hills Regional School Dist. Comm.* v. *Berkshire Hills Educ. Ass'n., supra* at 526. However, the exercise of these powers of appointment, reappointment; or, in this case, demotion, can, of course, be regulated by statutorily prescribed procedural safeguards without interfering with the school committee's substantive prerogative. Our decision in this case, pursuant to the stated construction of G. L. c. 71, § 42A, as appearing in St. 1975, c. 199, does not concern the issue whether Glennon should have been reappointed to the principal's position. Rather, based on our interpretation of the statute, we decide only that Glennon's removal from the principal's position and reassignment as a teacher constituted a demotion so as to invoke the procedural protections of G. L. c. 71, § 42A.

Inasmuch as we decide that the reassignment of Glennon from his position as principal to the teacher's position constituted a demotion pursuant to G. L. c. 71, § 42A, we need not address the scope and applicability of the two other types of "demotive" actions inserted by the 1975 amendment.[5] Whether or not Glennon's salary was reduced contrary to the provisions of G. L. c. 71, § 43, or whether or not he was transferred to a position where he continued to

---

[5] The school committee argues that G. L. c. 71, § 43, exempts Boston from salary reduction restrictions applicable to other towns, and that therefore the reduction of Glennon's salary was not a violation of that statute. The school committee also contends that because Glennon was reassigned to a position where he retained tenure as a teacher (rather than as a principal), he was not transferred to a position wherein he no longer served at discretion. In view of our decision above, however, we need not take a present position on either of these issues.

serve "at discretion," has no bearing on the fact that Glennon's reassignment from an administrative to a teaching position was a demotion within the meaning of G. L. c. 71, § 42A, both before and after the 1975 amendment thereto. He was therefore entitled to the procedural protections prescribed by that statute.

Finally, this is not an instance as in *Jantzen* v. *School Comm. of Chelmsford*, 332 Mass. 175 (1955), where it was considered futile to grant the plaintiff her procedural rights to notice and a hearing because the school at which she had served as principal was closed. (Cf. *Kaplan* v. *School Comm. of Melrose*, 363 Mass. 332 [1973], where the plaintiff's position as principal was abolished as part of a bona fide reorganization.) Rather, had notice been given and a hearing held in the present case as provided by G. L. c. 71, § 42A, Glennon could have raised the issue whether there existed any of the statutory grounds for his demotion. See *Black* v. *School Comm. of Malden*, 365 Mass. 197, 205 (1974).

For the reasons discussed above, we conclude that Glennon was demoted from his position as principal to that of a teacher in violation of the notice and hearing provisions of G. L. c. 71, § 42A. The order of summary judgment and the judgment of dismissal entered against him are vacated, and the case is remanded to the Superior Court where summary judgment is to enter reinstating Glennon to the principal's position at the R. G. Shaw School and reimbursing him for lost compensation accruing since his demotion. The judgment thus entered shall be without prejudice to the right of the school committee to institute new proceedings for the transfer or demotion of Glennon in accordance with applicable statutes, rules, regulations, or agreements, if any, relating thereto.

*So ordered.*