JAMES J. DOHERTY *vs.* SCHOOL COMMITTEE OF BOSTON & another.[1]

Suffolk.    December 11, 1978. — January 11, 1979.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*School and School Committee. Appeals Court. Practice, Civil*, Appeal. *Words*, "Teacher," "Removed."

A school principal is a "teacher" for the purposes of G. L. c. 71, § 43B. [807–808]

An acting headmaster at a high school who was demoted when he was reassigned to a lower paying position in another school was "removed" within the meaning of G. L. c. 71, § 43B. [808–809]

Where in appealing from a judgment in a proceeding under G. L. c. 71, § 43A, the plaintiff reproduced in the record appendix certain portions of the record which had not been designated by him but which the defendants insisted were necessary to a proper presentation of the issues which they intended to raise, the cost of reproducing those portions was to be excluded from calculation of the limitation on the plaintiff's recovery of expenses under c. 71, § 43B. [809–810]

This court will review on direct appeal final judgments entered in proceedings under G. L. c. 71, § 43A. [810–812]

CIVIL ACTION commenced in the Superior Court on July 15, 1974.

The case was heard by *Garrity, J.*

----

[1] The superintendent of schools of the city.

The case was submitted on briefs.

*Barry M. Portnoy & John G. Short* for the plaintiff.

*P. Baxter Lanius & Jay F. Jason* for the defendants.

GRANT, J. This is an amended complaint brought by a former acting headmaster of English High School in Boston to secure "injunctive relief and damages under Mass. Gen. Laws ch. 71, §§ 42A, 43A and 43B." A judge of the Superior Court, after hearing found and ruled that the plaintiff had acquired "tenure" as a "principal" within the meaning of G. L. c. 71, § 42A (as appearing in St. 1953, c. 269),[2] and that the plaintiff had been demoted in violation of certain of the provisions of § 42A but ruled that he could not be awarded counsel fees under G. L. c. 71, § 43B (as appearing in St. 1972, c. 464, § 6).[3] The plaintiff has

---

[2] "No principal or supervisor or professional employee performing the duties of a principal or a supervisor, by whatever title his position may be known, who has served in that position for over three years shall without his consent be demoted except for inefficiency, incapacity, unbecoming conduct, insubordination or other good cause; nor unless, at least thirty days, exclusive of customary vacation periods, prior to the meeting at which the vote is to be taken, he shall have been notified of such intended vote; nor unless, if he so requests, he shall have been furnished by the committee with a written charge or charges of the cause or causes for which his demotion is proposed; nor unless, if he so requests, he has been given a hearing before the school committee, which may be either public or private at the discretion of the school committee, and at which he may be represented by counsel, present evidence and call witnesses to testify in his behalf and examine them; nor unless the charge or charges shall have been substantiated; nor unless the superintendent shall have given the committee his recommendations thereon." None of the changes in § 42A which were effected by St. 1975, c. 199, is material to the present case.

[3] "Any teacher or superintendent of schools employed at discretion or any superintendent employed under a contract, for the duration of his contract, who has incurred expense in defending himself against an unwarranted removal or suspension shall be reimbursed for such expense from the same source from which his salary is paid; provided, however, that the amount of such reimbursement shall in no event exceed ten percent of the amount of the usual compensation of such person for the period during which such removal or suspension was in effect; and provided, further, that such teacher or superintendent makes written application to the school committee for such reimbursement." It is settled that the word "expenses" comprehends rea-

appealed from the ensuing judgment, which granted all the relief requested by the amended complaint except an award of counsel fees.[4] We hold that the plaintiff is entitled to such an award and, acting on our own motion, take this occasion to reconsider certain of our earlier decisions which have held that there is no right of direct appeal from a judgment entered in proceedings conducted under G. L. c. 71, § 43A.

1. As already indicated, the judge found and ruled that the plaintiff had been a "principal" within the meaning of G. L. c. 71, § 42A. The stated reason for denying an award of counsel fees was that the plaintiff "was neither a teacher [nor] a superintendent of schools as those terms are used in § 43B." We think the judge failed to appreciate the significance of the judicial gloss which has been placed on the word "teacher" which appears in the tenure statutes which surround G. L. c. 71, § 42A, and precede G. L. c. 71, § 43B. Prior to the enactment of § 42A in its original form (see St. 1945, c. 330) a principal in a public school was uniformly held or considered to be a "teacher" for the purposes of G. L. c. 71, § 41, 42 and 43, as from time to time amended. See *Sweeney* v. *School Comm. of Revere,* 249 Mass. 525 (1924); *Corrigan* v. *School Comm. of New Bedford,* 250 Mass. 334 (1924); *McDevitt* v. *School Comm. of Malden,* 298 Mass. 213, 214 (1937); *Downey* v. *School Comm. of Lowell,* 305 Mass. 329, 330, 331 (1940); *McCartin* v. *School Comm. of Lowell,* 322 Mass. 624, 626-627, 628 (1948); *Dimlich* v. *School Comm. of Andover,* 344 Mass.

---

sonable counsel fees within the limitation imposed by § 43B. *Black* v. *School Comm. of Malden,* 369 Mass. 657, 663-665 (1976). *Nutter* v. *School Comm. of Lowell,* 5 Mass. App. Ct. 77, 83 (1977).

[4] The defendants also filed a notice of appeal and entered their appeal in this court, but they have failed to argue their appeal on the merits. One consequence of that failure is that the defendants are precluded from questioning the propriety of any of the findings and rulings made by the judge which were adverse to the contentions they raised below. Another consequence will be discussed in part 3 of this opinion.

643, 646 (1962).[5] It is not lightly to be assumed that the Legislature was unaware of the extensive decisional history of those sections when it employed the word "teacher" in G. L. c. 71, § 43B. We hold that a principal is a "teacher" for the purposes of § 43B.

2. The defendants also argue that the plaintiff was not "removed" from his position as principal within the meaning of § 43B (note 3, *supra*). They now concede that the plaintiff was "demoted" from his position as acting headmaster at English High School within the meaning of G. L. c. 71, § 42A, when he was reassigned to a lower paying position in another school (see and compare *Glennon* v. *School Comm. of Boston*, 375 Mass. 757, 761–767 [1978], and cases cited), but they contend, in effect, that the only person who is "removed" within the meaning of § 43B is one who is dismissed or whose employment is terminated.[6] See *Nutter* v. *School Comm. of Lowell*, 5 Mass. App. Ct. 77, 83 (1977). We reject any such contention. The word "removal" does not appear to have been used in a narrow or technical sense; it is to be found in a section which was inserted hard on the heels of other sections of the same chapter which were designed for the protection and speedy vindication of the rights of tenured teachers, superintendents and principals (G. L. c. 71, §§ 41, 42, 42A, 43, and 43A) and none of which employs the word "removal" or any variation thereof. A tenured

[5] Even after the enactment of § 42A a principal has been treated as a "teacher" for the purposes of G. L. c. 71, §§ 41 and 43. See *Kaplan* v. *School Comm. of Melrose*, 363 Mass. 332, 335-336 (1973); *Glennon* v. *School Comm. of Boston*, 375 Mass. 757, 761, 765, 766–767 (1978); *Conte* v. *School Comm. of Methuen*, 4 Mass. App. Ct. 600, 602 n.4 (1976). There has been no occasion to consider whether a principal is also a "teacher" for purposes of G. L. c. 71, § 42D.

[6] The argument is dangerous, because it can be demonstrated without too much strain that the defendant was also effectively "dismissed" from his position as acting headmaster. See *McCartin* v. *School Comm. of Lowell*, 322 Mass. at 626-627. "[I]t is exclusion from the job or 'category' that counts." *Black* v. *School Comm. of Malden*, 365 Mass. 197, 204 (1974).

person who has been unlawfully demoted is not likely to incur less by way of legal expenses in the course of vindicating his rights than one who has been unlawfully dismissed or suspended. We think all the defendants' arguments run counter to "the whole scheme of legislation in recent years concerning the job security of professional employees in the public education area [which] has been geared toward the expansion of procedural protections rather than to their limitation." *Glennon* v. *School Comm. of Boston,* 375 Mass. at 765.

We hold that the plaintiff is entitled to counsel fees and costs, including those incurred in connection with this appeal, within the limit imposed by G. L. c. 71, § 43B, and we will remand for the purpose of determining such fees and costs.

3. Following the assembly of the record in this case a judge of the Superior Court, acting under Mass.R.A.P. 18(b), 365 Mass. 865 (1974), ordered the school committee to pay the plaintiff the amount of $345.10 as the cost of reproducing in the record appendix certain portions of the record which had not been designated by the plaintiff but which the defendants insisted were necessary to a proper presentation of the issues they intended to raise on their appeal. The plaintiff reproduced those portions of the record in their appendix, but the defendants effectively abandoned their appeal by failing to argue the same in this court (see note 4, *supra*). Following the filing of the defendants' brief, which was addressed solely to the points considered in parts 1 and 2 of this opinion, the plaintiff moved in this court to dismiss the defendants' appeal. The single justice referred the motion to the panel of Justices assigned to hear and determine the plaintiff's appeal. The case was submitted on briefs, and we now allow the motion under Mass.R.A.P. 19(c), 365 Mass. 868 (1974). We shall leave the wasted $345.10 to be collected by the plaintiff in the normal course under Mass. R.A.P. 26(a), (c), and (d), 365 Mass. 873-874 (1974), but we will indicate our view that that sum should be excluded

from any calculation of the expense limitation found in
G. L. c. 71, § 43B, on the theory that the liability for that
sum was incurred by the defendants rather than the
plaintiff.

4. As indicated at the outset of this opinion, the pro-
ceedings on the amended complaint in this case were
conducted under the provisions of G. L. c. 71, § 43A.[7] The
papers came before us by reason of the claims of appeal
which were filed by all the remaining parties within
thirty days of the entry of the judgment already referred
to. See Mass.R.A.P. 3 and 4, 365 Mass. 845-847 (1974).
Acting on our own initiative, we have noted a question as
to our jurisdiction to entertain the plaintiff's appeal in
view of the holding of the Supreme Judicial Court in
*MacKenzie* v. *School Comm. of Ipswich*, 342 Mass. 612,
613-614 (1961), that proceedings under § 43A are reviewa-
ble only on certiorari.

Prior to the time when the *MacKenzie* case was
brought to our attention we reviewed the merits of at
least three cases in which the proceedings had been con-
ducted under § 43A and in which there had been filed
nothing more than a simple claim of direct appeal. See
*Clark* v. *Mt. Greylock Regional Sch. Dist.*, 3 Mass. App.
Ct. 549, 550 (1975); *Nutter* v. *School Comm. of Lowell*, 5
Mass. App. Ct. 77, 78-79 (1977); *Woodward* v. *School
Comm. of Sharon*, 5 Mass. App. Ct. 84, 85 (1977). The tacit
assumption was that the judgment below was reviewable
under G. L. c. 231, § 113, as appearing in St. 1973, c. 1114,
§ 202. Once the *MacKenzie* case was brought to our atten-
tion, we commenced a practice of dismissing direct ap-
peals from judgments entered under § 43A. See, e.g., *Dix-
on* v. *School Comm. of Framingham*, 5 Mass. App. Ct. 857

---

[7] Section 43A was originally inserted by St. 1958, c. 462, and it has
subsequently been amended in several respects. See St. 1971, c. 518;
St. 1972, c. 464, § 5; St. 1974, c. 105; St. 1975, c. 337, St. 1977, c. 671.
There has been no change in the concluding sentence of § 43A, which
has always read, "The decision of the court shall be final, except as to
matters of law."

(1977); *Stripinis* v. *Whitman-Hanson Regional Dist. Sch. Comm.*, *post* 853 (1978).[8] The results of such dismissals have led to a practice under which diligent counsel have commenced actions in the nature of certiorari in the Supreme Judicial Court, the single justices of that court have transferred the actions to this court for disposition under G. L. c. 211, § 4A, and the single justices of this court have either decided the actions (subject to appeal under Rule 2 : 01 of the Appeals Court, as amended effective February 27, 1975, 3 Mass. App. Ct. 805) or reserved and reported them to a panel of the Justices, usually on the papers which had already been filed in this court in connection with the original claims of direct appeal.

That circuitous process has resulted in nothing but additional expense and delay and has been completely counterproductive, particularly so when we consider that § 43A is not the exclusive remedy for litigating rights accorded by G. L. c. 71, §§ 41-43. Those rights may also be litigated in actions for declaratory relief brought under G. L. c. 231A in which G. L. c. 231, § 113, provides an undoubted right of direct appeal from final judgments. See, e.g., *Dimlich* v. *School Comm. of Andover*, 344 Mass. 643, 643 (1962); *Kaplan* v. *School Comm. of Melrose*, 363 Mass. 332, 333 (1973); *Black* v. *School Comm. of Malden*, 365 Mass. 197, 198 (1974); *Glennon* v. *School Comm. of Boston*, 375 Mass. at 758; *Conte* v. *School Comm. of Methuen*, 4 Mass. App. Ct. 600, 600-601 (1976). A refusal on our part to continue adherence to the holding of the *MacKenzie* case would not contravene any "established rule [] of law governing principles of substantive liability" (*Burke* v. *Toothaker*, 1 Mass. App. Ct. 234, 239 [1973]) and would be entirely consistent with the Supreme Judicial Court's apparent desire to dispense with the "unnecessary traditional baggage" of certiorari when another and

---

[8] Additional cases have been summarily dismissed by unreported summary orders which have cited the *MacKenzie* or *Dixon* cases, or both.

simpler means of securing judicial review is adequate and available. See *Loring Hills Developers Trust* v. *Planning Bd. of Salem*, 374 Mass. 343, 349–350 (1978). After careful consideration we conclude that this case is properly here on direct appeal from the final judgment entered under G. L. c. 71, § 43A.

The defendants' appeal is dismissed; the case is remanded to the Superior Court for the further proceedings required by this opinion and for the entry of a new final judgment consistent with the opinion; the plaintiff is to have costs of appeal, within the limitation imposed by G. L. c. 71, § 43B, and in accordance with this opinion.

*So ordered.*