The opinion of the Court was read by Putnam J., at April term 1823, as drawn up by
Parker C. J.
The facts presented by this report leave only one question to be decided, which is, whether the pauper » can be legally holden to have served one whole year in thf office of constable or collector in the town of Greenwich. His settlement depends altogether upon that point. He was duly chosen to the office of constable in that town on the 6th of April, 1817, and at the same time was chosen collector of taxes, and was duly qualified to exercise those offices. He must be considered to have remained in office until his removal to Barre, which was on the 20th of March of the same municipal year. He went with his family to Barre and intended there to reside. His journey to Vermont in the winter can have no effect on the question, for it cannot be pretended, that a town officer cannot leave his town for business or pleasure without vacating his office ; or that the service of a whole year in such office, in the terms of the statute, means, that there shall be no day or week in the year when he is not in the exercise of bis office.
The principle settled in the case of Paris v. Hiram, cited in the argument, is undoubtedly the true one, that the officer must, during the whole time for which he is elected, be capable of executing the duties of his office, that is, that no disability shall fall upon him by reason of his own acts, or in consequence of his own conduct. The case, therefore, is narrow ed to this ; whether, by reason of his removal from Greenwich to Barre, with intention to dwell in the latter town, he ceased to serve in the office of constable, or collector, for the residue of the year after the 20th of March. And I think we must consider this in the same light as if he had removed to a town at the distance of a hundred miles from Greenwich, for even then there would be no physical impossibility of his performing all the duties which might have occurred between the *137 30th of March and the expiration of his official term. Was, then, the office vacant by his removal into Barre before the expiration of the year ? It certainly might have been so considered bv the town, and they might have supplied the office uy the choice of another constable. It is expressly provided by the statute of 1785, c. 75, § 4, that this may be done in case of removal; and we think the word removal here used means the removal of any officer from the town, not his removal from office by any act of the town, for that statute does not authorize any removal from office. And the same word is undoubtedly used in the same sense in the fifth section of the same statute, wherein it is provided, that when, by reason of death, removal or resignation of selectmen, a major part of those originally chosen shall not remain in office, a major oart of the survivors, or such as shall remain in office, shall have the same power to call a town meeting as a major part of the number first chosen.
It is contended by the plaintifis’ counsel, that town officers, particularly constables, need not be inhabitants of the town, and it is true, that this is not expressly required, but we have no doubt that such was the intention of the legislature. Every man who is eligible to a town office, is obliged, under a penalty, to serve when chosen, unless he comes within some of the exemptions. Certainly it was not intended to subject an inhabitant of another town to this penalty, he being eligible to a similar office in his own town, and liable to a penalty if he refuses to serve there. Besides, it must be conceded, as a general principle, that where the legislature has provided that certain officers shall exist in any particular community, the members of that community are alone eligible to those offices ; they are in fact the representatives of that community, in that department of municipal government which they are appointed to discharge. That community alone are judges of the qualifications of such officer, and can alone command his services. It would seem to follow, that when he ceases to be a member of the community, he ceases to be its officer. In the rase oefore us, the removal was but to a short distance, and the term of office had nearly expired, but it is the same in principle, as if the distance had been greater and the time longer. *138 It is the fact of removal alone into another town, ,01 the purpose of being an inhabitant there, which vacates the office If this officer had removed, in one month after he was chosen, to the District of Maine or the county of Berkshire, there could be no question but that the town might fill up the vacancy ; and so they might when only eighteen or twenty days were left of the year. In both cases there would be a vacancy ; and that determines the point of settlement. No doubt the legislature considered the residence for a year as part of the ingredients of habitancy, and therefore required a service in office of one whole year. The argument drawn from the provision in St. 1783, c. 10, § 1, in case constables or collectors of taxes remove, or are thought to be about to remove, out of the Commonwealth, has considerable force in maintaining the position, that a removal into another town does not vacate their office ; but the object in this provision was to prevent such collectors from going beyond the reach of legal process, without first securing the town, and to prevent them from proceeding in the collection of taxes with an intent to abscond. Besides, the power to supply vacancies happening from death, resignation or removal, was given by statute two years after the former provision, is more general in its nature, and ought not to be restricted by it. Upon the whole, we have come to the conclusion, though not without difficulty, that to serve one whole year in a town office, within the meaning of the statute, so as to acquire a settlement thereby, means that the officer shall live within the town that year, so that the office shall all the time be filled in such a manner that a new choice could not be made, and that the removal into another town, with his family, with intention to remain there, creates a vacancy, so far as to interrupt the settlement wdiich might otherwise be gained. His doings after the commencement of a new municipal year, or his intentions after removing to Barre, we think, have no bearing on the question.[1]

Plaintiff's nonsuit.

 Acworth v. Lindeborough, 9 N. Hamp. R. 295.