RETIREMENT BOARD OF ATTLEBORO & another[1] *vs.*
SCHOOL COMMITTEE OF ATTLEBORO & another.[2]

Bristol. January 5, 1994. - February 8, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*School and School Committee*, Custodian, Demotion, Retirement benefits.
*Public Employment*, Demotion, Retirement. *Retirement. Words*,
"Removal."

A school committee's demotion of a school custodian from one position to
a lower-paying position was a "removal" of the custodian within the
meaning of G. L. c. 32, § 16 (2), so as to entitle the custodian to writ-
ten notice and a hearing under that statute and, in the circumstances,
restoration of pay and benefits lost because of his removal. [26-27]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 26, 1991.

The case was heard by *John A. Tierney*, J., on motions for
summary judgment.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*John P. Lee*, City Solicitor, for the defendants.

*James H. Quirk, Jr.*, for Retirement Board of Attleboro &
another.

*Sandra C. Quinn* for Paul J. Bellavance.

WILKINS, J. The Attleboro retirement board and Paul J.
Bellavance, a demoted employee of the Attleboro school de-
partment, brought this action seeking a declaration that the
defendants had unlawfully denied Bellavance procedural
rights to which they assert he is entitled under G. L. c. 32,
§ 16 (2) (1992 ed.).

---

[1] Paul J. Bellavance.

[2] Superintendent of schools of Attleboro.

Section 16 (2) provides that the "removal or discharge" of public employees in certain classifications shall not become effective unless and until a written notice containing a fair summary of the facts on which such action is based has been filed with the appropriate retirement board.[3] The employee may request a hearing before the retirement board and, unless the board rules that the removal or discharge was justified, the employee must be restored to his position without loss of compensation.

In July, 1989, Bellavance was appointed provisionally to the position of senior custodian supervisor - high school. Bellavance had previously held a civil service position as a senior custodian - high school, at a lower compensation level. In March, 1990, the school department, through its director of funds and facilities, demoted Bellavance to the even lower-paying position of senior custodian - elementary schools. The defendants did not give Bellavance (or the plaintiff retirement board) a written notice under § 16 (2). Bellavance complained to the retirement board, which decided that Bellavance's removal was improper and ordered the school department to restore Bellavance to the position of senior custodian supervisor - high school. The school committee refused to do so on the advice of the city solicitor that Bellavance had not been removed within the meaning of § 16 (2). This action followed.

---

[3]Section 16 (2) (1992 ed.) reads as follows:

"The removal or discharge of any member in service classified in Group 1, Group 2 or Group 4 who has attained age fifty-five and has completed fifteen or more years of creditable service, or any member so classified who has not attained age fifty-five but who has completed twenty or more years of creditable service, or any such member who is a veteran and has completed ten or more years of creditable service, shall not become effective unless and until a written notice thereof containing a fair summary of the facts upon which such action was based has been filed with the board. The procedure set forth in subdivision (1) relative to delivery of copies, statement of service thereof, notice, hearing if requested, and the filing of a certificate of findings and decision, so far as applicable, shall apply to all proceedings involving such removal or discharge. Unless the board shall find that such removal or discharge was justified, such member shall forthwith be restored to his office or position without loss of compensation."

A judge of the Superior Court ruled, on cross motions for summary judgment, that Bellavance's demotion from his position as senior custodian supervisor - high school was a "removal" within the meaning of § 16 (2). A judgment entered declaring Bellavance's rights, including his right to restoration of pay and benefits lost because of his removal. We transferred the defendants' appeal to this court and now affirm the judgment.

The school committee relies on *Costello* v. *School Comm. of Chelsea*, 27 Mass. App. Ct. 822 (1989). There, the Appeals Court held that a school department's failure to reappoint an untenured teacher at the end of a one-year term of appointment was not a "removal or discharge" of the teacher within the meaning of § 16 (2). *Id.* at 826-827. The *Costello* case does not provide an answer to whether the demotion of an employee from one position to another is a "removal" for the purposes of § 16 (2).[4]

We find instructive the Appeals Court's opinion in *Doherty* v. *School Comm. of Boston*, 6 Mass. App. Ct. 805 (1979), even though the issue there involved the meaning of the word "removal" in a different statute (G. L. c. 71, § 43B [1992 ed.]). In the *Doherty* case, the court held that an unwarranted demotion of a teacher was a "removal" of the teacher entitling him to reimbursement of counsel fees under G. L. c. 71, § 43B. The court rejected the claim that "the only person who is 'removed' within the meaning of § 43B is one who is dismissed or whose employment is terminated." *Id.* at 808.[5] The court rejected a narrow reading of the word "removal" and recognized a trend toward providing more rather

---

[4]The Appeals Court said that the word "removal" connotes "the termination of employment of a person who has a continuing right to it." *Costello* v. *School Comm. of Chelsea*, 27 Mass. App. Ct. 822, 826 (1989). That definition is of no help here because the termination described could refer either to the end of employment in a particular position or to the end of any employer-employee relationship.

[5]In the context of the school committee's argument, the word "terminated" meant the complete severance of all employment.

than fewer procedural protections to professional employees in the public education area. *Id.* at 808-809.

Although the *Doherty* case is not entirely on point and its reasoning does not fully apply to a school custodian, we apply here the conclusion of that opinion that a demotion is a removal. The word "removal" in § 16 (2) is superfluous in conjunction with the word "discharge" unless "removal" means something less than a complete termination of the employment relationship. We see no reason, moreover, why the Legislature would intend to make a distinction in § 16 (2) in available procedural protections between a discharge from all employment and a demotion. For the purposes of protecting retirement benefits, an unwarranted demotion to a lower-paying job is different only in degree from an unwarranted firing of an employee. In each instance, if not reversed, the challenged employment decision can adversely affect the level of the employee's retirement benefits.

*Judgment affirmed.*