Town of Eastham & another[1] *vs.* Barnstable County
Retirement Board & another.[2]

No. 98-P-761.

Barnstable. October 13, 1999. - October 5, 2001.

Present: Perretta, Laurence, & Rapoza, JJ.

*Public Employment,* Removal, Termination. *Municipal Corporations,* Removal
of public officer. *Waiver.*

A public employee serving as a town's accountant was "discharged" within
the meaning of G. L. c. 32, § 16(2), requiring a "written notice . . .
containing a fair summary of the facts" and a right to a hearing, where the
employee was informed that she would be permitted to serve only for a
seven-month period following her three-year term, rather than for the
statutorily mandated holdover period; further, the town waived the issue
whether the employee was correctly reinstated as town accountant for an
additional three-year term, where the issue was not raised below. [736-738]

Civil action commenced in the Superior Court Department on
April 22, 1996.

The case was heard by *Wendie I. Gershengorn,* J., on motions
for judgment on the pleadings.

*Theresa M. Dowdy* (*Michele E. Randazzo* with her) for the
plaintiffs.

*James H. Quirk, Jr.,* for the defendants.

Rapoza, J. We must determine here whether a public employee
serving as town accountant for the town of Eastham was
"removed" or "discharged" within the meaning of G. L. c. 32,
§ 16(2).[3] We conclude that she was and affirm the judgment of

[1]Town administrator.

[2]Carolyn Gifford.

[3]General Laws c. 32, § 16(2), which has since been repealed pursuant to St.
1996, c. 306, § 19, provided, in pertinent part, that the removal or discharge
of a qualified member of the State retirement system will not be effective un-
less a "written notice . . . containing a fair summary of the facts upon which

the Superior Court upholding the decision of the Barnstable County Retirement Board (board).

Carolyn Gifford was appointed to the first of four consecutive three-year terms as town accountant for the town of Eastham in 1983, with her last term expiring in July of 1995. Pursuant to G. L. c. 41, § 55, she was to hold office "for three years and until [her] successor [was] qualified." In the spring of 1995, the town administrator, Eastham's appointing authority,[4] informed Gifford that she would not be reappointed for a full three-year period after her then current three-year term ended on July 1, 1995. In a letter dated July 7, 1995, the administrator reiterated her decision not to reappoint Gifford for the statutory term, but offered her an "acting appointment" for a maximum period of seven months. She presented the offer as a partial accommodation to Gifford's desire to remain in her position for at least an additional eighteen months. The "acting" position carried the same salary and responsibilities as Gifford's previous position.

Gifford stayed on as acting town accountant for the seven-month period, and her services ended on January 31, 1996, without a successor having been appointed.[5,6] She sought a hearing before the board in February, 1996, contending that she had been illegally removed from her position because the town had not followed the procedural requirements of G. L. c. 32, § 16(2), when it failed to file with the board a written notice containing a "fair summary of the facts" upon which its action was based. The parties have stipulated that Gifford met the requirements of age and length of service to qualify under this

such action was based has been filed with the [appropriate retirement] board." It further provided the qualified member a right to a hearing.

[4]The town administrator of Eastham is the appointing authority for this position pursuant to the town's home-rule charter. See *Atkinson* v. *Ipswich*, 34 Mass. App. Ct. 663 (1993).

[5]Gifford requested and was given a hearing before the board of selectmen in January, 1996, relative to the town administrator's failure to reappoint her following the conclusion of her three-year term on July 1, 1995. There the town asserted that Gifford had not been reappointed because of poor performance, while Gifford maintained the contrary. The selectmen affirmed the town administrator's decision. According to the town's subsequent complaint in Superior Court, the selectmen lacked authority to overturn the town administrator's decision. The hearing before the board of selectmen is not at issue in this appeal.

[6]A successor was appointed on April 1, 1996.

section, and they agree that the town did not provide a "fair summary of the facts" under § 16(2).

The board granted Gifford's request for a hearing. The town argued that the board did not have jurisdiction in the matter because Gifford had not been removed or discharged, but had simply not been reappointed to the statutory position. The board determined that the town administrator's letter offering Gifford a seven-month acting appointment constituted a termination requiring compliance with § 16(2), and it ordered Gifford reinstated as town accountant for a three-year term. The town sought certiorari review in the Superior Court under G. L. c. 249, § 4. Following the parties' cross motions for judgment on the pleadings, the court upheld the board's decision on the ground that Gifford's appointment to the position of acting town accountant was a demotion and thus a termination. The town appealed, and we affirm the judge's decision, but on a different ground.[7]

The town relies on *Costello* v. *School Comm. of Chelsea*, 27 Mass. App. Ct. 822 (1989), for its contention that Gifford was neither discharged nor removed. That case stands for the proposition that the failure to reappoint an employee who has no further entitlement to employment does not constitute a "discharge" or "removal" under § 16(2). The terms "discharge" and "removal," we there stated, "connote the termination of employment of a person who has a continuing right to it, not the failure to rehire someone who has to be renominated and reappointed . . . ." *Id.* at 826.

The town's reliance on *Costello* ignores the fact that when the town administrator informed Gifford that she could continue to serve only in an acting capacity for a fixed period, she was entitled to remain in her statutory position during the indeterminate holdover period pending the qualification of her successor.

---

[7]Our analysis is unaffected by the repeal of § 16(2) where the board issued its decision in the employee's favor on March 26, 1996, and the repeal of that section did not occur until November 7, 1996. As in *Fire Chief of East Bridgewater* v. *Plymouth County Retirement Bd.*, 47 Mass. App. Ct. 66, 67 (1999), the employee here prevailed before the board, and it was the town that sought extraordinary relief in the nature of certiorari, see G. L. c. 249, § 4, protracting the litigation beyond the repeal date. Compare *Dupont* v. *Commissioners of Essex County*, 46 Mass. App. Ct. 235 (1999).

G. L. c. 41, § 55. While the holdover period is not technically part of "the term for which [a town official is] elected or appointed in Massachusetts," *Rugg* v. *Town Clerk of Arlington*, 364 Mass. 264, 268-269 (1973) (holding that the statutory ineligibility for other town office· does not apply during a holdover period), it is nevertheless a period during which the official is entitled to remain in office. See *Pevey* v. *Aylward*, 205 Mass. 102, 107 (1910) (when respondent was legally elected to office, "the *right* of the petitioner, who was holding over after the expiration of his term of office until his successor should be chosen, was . . . terminated" [emphasis supplied]); *Petti* v. *Lyons*, 9 Mass. App. Ct. 558, 564 (1980) (city clerk was "*entitled*" to hold office "as holdover until the . . . city council takes [or took] action [to fill the position]" [emphasis supplied]). See also *Quinn* v. *Rent Control Bd. of Peabody*, 45 Mass. App. Ct. 357, 377-378 (1998), quoting from 7 Op. Atty. Gen. 415, 471 (1924) ("[T]he general rule [is] that, unless otherwise provided, an officer continues to hold office until the appointment or election and qualification of his successor"); 3 McQuillin, Municipal Corporations § 12.110, at 552 (3d ed. 2001) ("In the absence of express provision and unless the legislative intent to the contrary is manifest, in the United States municipal officers hold over until their successors are provided . . ."). Gifford was effectively discharged when she was informed that she would be permitted to serve only for a seven-month period following her three-year term, rather than for the mandated holdover period. The board correctly determined that she was entitled to the protections of § 16(2).[8]

The board further suggested that Gifford's appointment as "acting" town accountant could be construed as a demotion, a view adopted by the Superior Court judge. See *Retirement Bd. of Attleboro* v. *School Comm. of Attleboro*, 417 Mass. 24, 27 (1994), holding that a school custodian's demotion, which included a decrease in compensation and responsibility, constituted a "removal" under § 16(2). The town argues that, because Gifford suffered no diminution in pay or responsibility,

---

[8]The question whether Gifford waived any rights by accepting the temporary position of acting town accountant has not been raised and is therefore not before us.

unlike the employees in the "demotion" cases, see *Attleboro, supra,* and *Glennon* v. *School Comm. of Boston,* 375 Mass. 757, 767 (1978), her appointment as acting town accountant was not a demotion for purposes of § 16(2). We need not reach this question because, irrespective of the nature of Gifford's temporary position, she became entitled to the protections of § 16(2) by virtue of the time limit placed on her service as town accountant during the holdover period.[9]

Finally, the town, in a single sentence in a footnote in its brief on appeal, criticizes the remedy ordered by the board — Gifford's reinstatement as town accountant for a three-year term. The record before us indicates that the town did not raise this issue before the board or in the Superior Court, but limited its argument to attacking the board's jurisdiction. The issue is therefore waived. See *MacLean* v. *State Bd. of Retirement,* 432 Mass. 339, 343 (2000).

*Judgment affirmed.*

---

[9]The town argues that Gifford's temporary appointment actually provided her more protection than the statutory holdover period provided, since the latter guaranteed her no minimal period of employment following her three-year term. Whether the town might have properly accomplished its stated objective of offering Gifford a guaranteed period of employment short of reappointing her to the statutory position — and thereby assuring itself of her services for that period — by agreeing to keep her on as a holdover for a *minimum* of seven months is a question for another day.