Kern, Leila R., J.
On May 5, 2004, plaintiffs (Lawrence Adkins, Sheila Cook, Stash Horowitz, John Moot, Martha Werman, and Elie Yarden), all residents of the City of Cambridge, filed a complaint against the City Manager for the City of Cambridge (Robert Healy) under G.L.c. 249, §5, which provides for “a civil action to obtain relief formerly available by writ of mandamus ...” Specifically, the complaint seeks to compel defendant to appoint members to fill the vacancies in the volunteer Police Review and Advisory Board (PRAB).
On June 1, 2004, plaintiffs filed an amended complaint, which included the new allegation that “Defendant transferred the duties of Executive Secretary of the [PRAB] to Executive Secretary of the Human Rights Commission [Mr. Quoc Tran].” This transfer, plaintiffs allege, violated the provision of the PRAB Ordinance which states that no City staff member may hold two positions with the City simultaneously. Plaintiffs state that defendant’s failure to fill vacancies on the PRAB and his “de facto abolition of the Executive Secretary position” violates his duty to faithfully execute the laws of the City.
In May 2004, defendant filled the vacancies on the PRAB. He answered plaintiffs’ complaint on June 1, 2004. Both parties moved for judgment on the pleadings on July 14, 2004. This court (Lauriat, J.) heard oral arguments at a preliminary hearing on cross motions for judgment on the pleadings on September 20, 2004. Judge Lauriat stayed the matter until March 8, 2005, based on defense counsel’s representation that PRAB ordinance provisions that were relevant to this litigation were in the process of being amended.
On February 23, 2005, plaintiffs filed a motion to remove a PRAB member, Susan Melucci. Plaintiffs alleged that Ms. Melucci failed to resign from the PRAB when she moved from Cambridge to Leominster. Plaintiffs argue that Ms. Melucci was required to resign upon moving from Cambridge because both versions of the ordinance require PRAB members to be Cambridge residents.
On April 27, 2005, plaintiffs filed an emergency motion to file a memorandum of law related to the amendments to the PRAB ordinance. Defendant responded to plaintiffs’ emergency memorandum with a motion to strike, and alleged that the motion failed to raise new issues. This action is currently before the court on the parties’ cross motions for judgment on the pleadings, and defendant’s motion to strike plaintiffs’ emergency motion.

*384
BACKGROUND

Following public hearings in April 2005, the City Council amended the PRAB Ordinance. The Amended PRAB Ordinance contains two major changes which are relevant to this litigation. Under the Amended PRAB Ordinance, current or former staff members may now hold multiple positions within the City government. The Amended PRAB Ordinance still mandates that PRAB members must be residents of the City at the time of their appointment, but added the provision: “If a Board member ceases to be a resident of the City, he/she shall remain on the Board until the City Manager appoints a suitable candidate to fill the position.” Other provisions which remained unchanged limit a PRAB member to serve no more than two consecutive five-year terms.

DISCUSSION

At oral argument, the parties agreed that the amendments to the PRAB Ordinance have rendered some of plaintiffs’ arguments moot. The vacancies on the Board have all been filled, and the Amended PRAB Ordinance now permits Mr. Tran to serve as Interim Executive Secretary to the PRAB while he continues to serve as Executive Director of the Cambridge Human Rights Commission. Thus, defendant argues that the only remaining issue from plaintiffs’ complaint is whether Ms. Melucci may remain in her position on the PRAB until a replacement can be found. Plaintiffs allege that as evidenced by the case of Ms. Melucci, the Amended PRAB Ordinance allowing her to remain on the PRAB violates G.L.c. 41, §109,[2] creates an unconstitutional distinction between board members, and is void for vagueness. Additionally, plaintiffs argue that because Ms. Melucci effectively resigned from the PRAB upon moving to Leominster, the Amended PRAB Ordinance cannot operate to reinstate her retroactively. Defendant asserts that allowing a “holdover” period is consistent with Massachusetts case law, and the Amended PRAB Ordinance is lawful, therefore, Ms. Melucci’s position on the PRAB is proper.

I. The Holdover Provision of the Amended PRAB Ordinance Does Not Conflict With G.L.c. 41, §109

The parties have offered differing interpretations of the statute governing the resignation of town officials. Plaintiffs contend that under G.L.c. 41, §109, which governs the resignation and residency requirements for town officers, a town official vacates his position in the town if he moves to another town. Defendant asserts that plaintiffs ignore the fact that absent express language in a local ordinance, there is no state law requirement that a member of a municipal board be a resident of the same city, town or district. The Amended PRAB Ordinance provides that a member must be a Cambridge resident when appointed, but may continue to serve if he or she moves from Cambridge until a successor is appointed. Defendant appears to argue that the Amended PRAB Ordinance is consistent with the statute, because the statute expressly contemplates non-residents serving on municipal boards.
Additionally, although the Amended PRAB Ordinance does not limit a resigning officer’s remaining term, clearly a “holdover” PRAB member could, at most, only continue to sit on the PRAB for the remainder of his term, or less than five years. Thus, contraiy to plaintiffs’ arguments, the Amended PRAB Ordinance does not create different classes of members, because even “resigning” members (those who moved out of Cambridge) could only potentially serve for the remainder of their term.
17. The Holdover Provision of the Amended PRAB Ordinance Does Not Conflict With Case Law
Although there is historic precedent for plaintiffs’ assertion that a town officer or municipal board member who moves to another town essentially gives up his position,[3] the modern trend favors permitting the departing officer or member to “holdover” until a replacement can be appointed. See Town of Eastham v. Barnstable, 52 Mass.App.Ct. 734, 736-37 (2001) (town accountant was entitled to remain in her statutory position during the holdover period pending the qualification of her successor); Quinn v. Rent Control Bd. of Peabody, 45 Mass.App.Ct. 357, 377-78 (1998), citing 7 Op. of the Atty. General 415,471 (May 9, 1924) (“It is a general rule that, unless otherwise provided, an officer continues to hold office until the appointment or election and qualification of his successor”); Petti, v. Lyons, 9 Mass.App.Ct. 558, 564 (1980) (city clerk was “entitled” to hold office “as holdover until the . . . city council takes action [to fill the position]”). See also 3 McQuillin, Municipal Corporations §12.110 at 552 (3d ed. 2001) (“In the absence of express provision and unless the legislative intent to the contraiy is manifest, in the United States municipal officers hold over until their successors are provided . . .”).
Moreover, “[w]hile the holdover period is not technically part of ‘the term for which [a town official is] elected or appointed in Massachusetts,’ Rugg v. Town Clerk of Arlington, 364 Mass. 264, 268-69 (1973) (holding that the statutoiy ineligibility for other town office does not apply during a holdover period), it is nevertheless a period during which the official is entitled to remain in office.” Town of Eastham, 52 Mass.App.Ct. at 737 (emphasis added).[4] Thus, the Amended PRAB Ordinance, permitting a resigning PRAB member to remain in office until a successor is appointed, is consistent with Massachusetts case law.

III. This Court Need Not Address Plaintiffs’ Constitutional Arguments

Plaintiffs’ arguments concerning the legitimacy of the Amended PRAB Ordinance address general constitutional issues. These arguments are without merit. As discussed above, even if the amendments have the effect that plaintiffs envision, that effect is permitted under the law of the Commonwealth. It is a well-settled principle that “[i]f a case can be decided on nonconsti- *385 tutional grounds, the better course is to decide it by not reaching the constitutional issue.” Commonwealth v. Loretta, 386 Mass. 794, 797 (1982), citing Commonwealth v. Knowlton, 378 Mass. 479, 483 n.4 (1979). Thus, this court need not reach plaintiffs’ constitutional arguments.
ORDER
For the foregoing reasons, defendant’s Motion for Judgment on the Pleadings is ALLOWED, and plaintiffs’ Motion for Judgment on the Pleadings is DENIED. Additionally, defendant’s Motion to Strike plaintiffs’ emergency motion is ALLOWED, because plaintiffs’ arguments within the motion are without merit.[5]

The statute provides:
No resignation of a town or district officer shall be deemed effective unless and until such resignation is filed with the town or district clerk or such later time certain as may be specified in such resignation. Upon receipt of a resignation the clerk shall notify the remaining members, if the resignation is received from a board of two or more members, and he shall further notify the executive officers of the town or district and such notification shall include the effective date of the resignation. Unless otherwise provided by general or special law, ordinance or by-law, a person need not, in order to accept appointment to a public office in a town or district, be a resident of such town or district; provided, however, that if an appointed town or district officer is required to become a resident within a period of time specified at the time of his appointment by the board or officer making the appointment but fails to do so within the time specified, or if an elected or appointed town or district officer removes from the town or district in which he holds his office, he shall be deemed to have vacated his office.

See Barre v. Inhabitants of Greenwich, 18 Mass. 129, 134 (1822) (“That community alone are judges of the qualifications of such officer, and can alone command his services. It would seem to follow, that when he ceases to be a member of the community, he ceases to be its officer”).

In Town of Eastham v. Barnstable, 52 Mass.App.Ct. 734, 736-37 (2001), the court was interpreting G.L.c. 41, §55, which is very similar to G.L.c. 41, §109, but concerns the appointment of town accountants.

Cambridge has a Plan E style of government, hence, the City Manager makes appointments pursuant to G.L.c. 43, §105. See Welch v. Contributory Retirement Appeal Bd., 343 Mass. 502, 507 (1962) (Plan E charter provides city manager “full and plenary power to make certain appointments and removals”).