The plaintiff, Karyn Laurano, appeals from a judgment of the Superior Court dismissing her complaint on the motion of the defendants, the town of Saugus and its school committee and superintendent of schools (collectively, town). She seeks a declaration that she was entitled to reemployment as a nurse in the Saugus public schools for the 2009-2010 school year.[2]
On review of the dismissal of her complaint pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), we accept Laurano’s allegations as true, “looking] beyond the conclusory allegations in the complaint and focus[ing] on whether the factual allegations plausibly suggest an entitlement to relief.” Curtis v. Herb Chambers 1-95, Inc., 458 Mass. 674, 676 (2011), citing Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-636 (2008). Laurano served as an elementary school nurse in the Saugus public schools during the school years 2007-2008 and 2008-2009. She did not acquire professional teacher status under G. L. c. 71, §§ 41 and 42. On June 8, 2009, Laurano received a written notice from the superintendent of schools, stating in its entirety: “Pursuant to [G. L. c. 71, § 41], as a teacher without professional status, this is official notification that you will not be employed for the 2009/2010 school year.” On June 22, 2009, Laurano commenced this action, asserting that she was entitled to reemployment because the notice failed to comply with the requirements set forth in G. L. c. 71, § 42.
General Laws c. 71, § 41, provides in relevant part: “A teacher without professional teacher status shall be notified in writing on or before June fifteenth whenever such person is not to be employed for the following school year.”[3] Laurano received timely written notice of the decision not to employ her for the 2009-2010 school year. She argues, however, that she should have “been furnished with written notice of intent to dismiss and with an explanation of the grounds for the dismissal in sufficient detail to permit [her] to respond and documents relating to the grounds for dismissal, and,. . . [should have] been given a reasonable opportunity within ten school days after receiving such written notice to review the decision with the principal or superintendent, as the case may be, and to present information pertaining to the basis for the decision and to [her] status.” G. L. c. 71, § 42. That is, she *857 argues that the nonrenewal of her employment for the 2009-2010 school year should be treated as a “dismissal” within the meaning of § 42 and subject to the protections therein. We disagree.
William H. Sheehan, III, for the plaintiff.
Stephen T. Paterniti for the defendants.
Under § 41, a teacher without professional status is deemed to be reappointed for the following school year unless he or she is notified otherwise. As we stated regarding an earlier version of the statute, § 41 “relieve[s] the school committee of the burden of notifying every nontenure teacher of his reappointment.” DeCanio v. School Comm. of Boston, 358 Mass. 116, 120 (1970) , cert. denied sub nom. Fenton v. School Comm. of Boston, 401 U.S. 929 (1971) (ruling that § 41 does not deprive school committee of authority to suspend or discharge teacher during school year). Teachers without professional status serve on a year-to-year basis and are subject to the reappointment process each school year. Such a teacher has no guarantee of employment beyond the current school year unless and until June 15 passes without notice that the teacher will not be reappointed. The decision not to rehire a teacher on the expiration of his or her term of employment cannot be equated to dismissal of a teacher during his or her term of employment. “A dismissal is not the same as a nonrenewal of a contract.” Downing v. Lowell, 50 Mass. App. Ct. 779, 782 (2001) (school principal not entitled to dismissal-type safeguards on nonrenewal of contract). Cf. Costello v. School Comm. of Chelsea, 27 Mass. App. Ct. 822, 826 (1989) (“The words ‘removal’ and ‘discharge’ connote the termination of employment of a person who has a continuing right to it, not the failure to rehire someone who has to be renominated and reappointed every year”). Laurano was not dismissed from her position, and so she was not entitled to the safeguards provided in G. L. c. 71, § 42.[4]

Judgment affirmed.

Laurano did not seek injunctive relief ordering that she be reinstated for the 2009-2010 school year, and such relief could not be granted at this point in any event.

The same statute also provides that a “school nurse . . . who has served in the public schools of a school district for the three previous consecutive school years shall be considered a teacher, and shall be entitled to professional teacher status as provided in [G. L. c. 71, § 42].” G. L. c. 71, § 41. Although the statute does not expressly so provide, we assume, without deciding, that a school nurse who has served for less than three school years is also considered a “teacher” for purposes of § 71. The town does not argue otherwise.

Laurano’s reliance on School Comm. of Hull v. Hull Teachers Ass’n, MTA/NEA, 69 Mass. App. Ct. 860 (2007), is misplaced. The issue in the Hull case was whether a teacher without professional status was entitled to arbitrate a grievance when the school committee decided not to renew her employment without complying with certain requirements in a collective bargaining agreement. In discussing this issue, the Appeals Court used the term “dismissed” to refer to the nonrenewal of the teacher’s employment. Id. at 862-863. However, the case did not raise any question concerning the interplay between the dismissal of a teacher under G. L. c. 71, § 42, and the nonrenewal of the appointment of a teacher without professional status under G. L. c. 71, § 41. Rather, the question was whether the school committee had acted without earlier providing the teacher with performance evaluations that were required by the collective bargaining agreement. See id. at 863. We do not understand the use of the term “dismissed” in this context to support the proposition that nonrenewal equates with dismissal for purposes of any claimed rights under G. L. c. 71, § 42.